NUMBER
13-03-702-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

LEE MAR LAMAR
BRATLEY,                                                          Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 398th District
Court

                                        of
Hidalgo County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








After a jury trial, appellant, Lee Mar Lamar
Bratley, was convicted of theft of property over $1,500 but less than
$20,000.  See Tex. Pen. Code Ann. ' 31.03(e)(4) (Vernon 2003).  The court assessed punishment at two years in
the state jail facility, probated for five years=
community supervision, and imposed a fine of $1,500 and ordered restitution in
the amount of $16,790.  Appellant raises
the following three issues on appeal: (1) the evidence was legally and
factually insufficient to support his conviction for theft; (2) there was
prosecutorial misconduct in cross examining appellant; and (3) appellant=s counsel was ineffective.  We affirm. 

I. Legal Sufficiency

A.  Standard
of Review








When a legal sufficiency challenge is raised, the
reviewing court is called upon to examine the relevant evidence in the light
most favorable to the verdict in order to determine whether a rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000).  We are not fact finders; our role
is that of a due process safeguard, ensuring only the rationality of the trier
of fact's finding of the essential elements of the offense beyond a reasonable
doubt.  See Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988). 
As a fact finder, the jury is the exclusive judge of the credibility of
witnesses and the weight to be afforded their testimony. Tex. 
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  The jury is free to accept one version of the
facts, reject another, or reject all or any of a witness=s testimony.  Penagraph
v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981).  The standard is the same for both direct and
circumstantial evidence cases.  Kutzner
v. State, 994 S.W.2d 180,184 (Tex. Crim. App. 1999); Vela v. State,
771 S.W.2d 659, 660 (Tex. App.BCorpus Christi 1989, pet. ref=d).  Simply
presenting a different version of the events on appeal does not render the
State=s evidence insufficient.  Anderson v. State, 701 S.W.2d 868, 872
(Tex. Crim. App. 1985).  We measure the
legal sufficiency of the evidence by the elements of the offense as defined by
a hypothetically correct jury charge.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would be one that accurately
sets out the law, is authorized by the charging instrument, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict
the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried. Id.

B.  Elements
of the Crime

A person is guilty of theft if he unlawfully
appropriates property with the intent to deprive the owner of the property. Tex. Pen. Code Ann. ' 31.03(a) (Vernon 2003).  Appropriation of property is unlawful if (1)
it is without the owner=s effective consent, or (2) the property is stolen
and the actor appropriates the property knowing it was stolen by another.  Tex.
Pen. Code Ann. ' 31.03(b)(1)-(2) (Vernon 2003).  

C.  Evidence
Supporting Verdict








At trial, the State produced substantial
circumstantial evidence of appellant=s guilt. 
Appellant, an associate manager at the Weslaco Golden Corral restaurant,
had many duties.  One of these duties,
which he shared with the restaurant=s general manager, Delores Perez, included preparing
the daily deposits every evening in order to have them ready for armored car
pick up the next day.   The deposits for
September 28th ($6,539.97), September 29th ($6,751.86) and October 1st
($3,498.96) of 2002 never made it to the bank. 
Perez filled out a deposit slip for September 28th and placed the money
inside the blue deposit bags, which were placed in the office safe.  Appellant admitted preparing the deposits for
the 29th of September and the 1st of October, as well as removing the deposit
for the 28th of September from the safe and making a new deposit slip for that
date.  All three deposits were admittedly
placed by appellant in the Ajunk drawer@ of an office desk and not in the safe.  Appellant further admitted that by failing to
place the deposits in the safe he was violating proper company procedure.  Only appellant and Perez had access to the
safe during the dates in question. 
According to Perez and Patrick Mulligan, a Golden Corral district
manager, there were never any problems with missing bank deposits either before
or after appellant=s tenure as associate manager.  

On several occasions, Rosendo Nino, a Golden Corral
employee in charge of the breakfast crew, saw appellant counting money in the
morning hours.  Nino also witnessed
appellant leaving the restaurant with blue deposit bags in the latter part of
September.  Appellant often arrived to
work before anyone else, even on his days off. 
According to the testimony of Mulligan and Perez, appellant initially
admitted that he was rolling deposits and that he was responsible for the
missing money.  Additionally, according
to the testimony of Mulligan, Perez and Weslaco Police Officer Sergio Ramirez,
appellant informed them that he intended to repay the money.  Mulligan testified that appellant told him
that somebody stole the deposits he had left in the bottom drawer.  Appellant=s bank
records showed a high number of cash deposits that correlated to the dates the
restaurant deposits were missing.  The
evidence is legally sufficient to support the jury=s finding that appellant unlawfully appropriated the
missing money without the consent of the owner, and with the intent to deprive
the owner of the money. 

 








II. Factual-Sufficiency

A.  Standard
of Review

In a factual‑sufficiency review, the evidence
is viewed in a neutral light, favoring neither party.  See Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996).  In this
neutral light, we determine whether Athe proof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.@  See Johnson,
23 S.W.3d at 11.   A clearly wrong and
unjust verdict occurs where the jury's finding Ashocks
the conscience@ or Aclearly demonstrates bias.@  Santellan
v. State, 939 S.W.2d 155, 164‑65 (Tex. Crim. App. 1997). 

B.  Analysis

Appellant contends that the evidence is factually
insufficient to sustain his conviction because the record is devoid of any
evidence that directly links appellant to the theft.  Appellant argues that the State produced no
eyewitness testimony of the theft and that the one potentially probative item,
an office video tape, was not examined by the police or admitted into
evidence.  By appellant=s own admission, however, the video tape would have
only depicted the safe in the office where the theft occurred and would not
show activity near the desk that allegedly held the missing deposits.  Appellant further argued that there were
ongoing financial and accounting problems at the restaurant.  








Reviewing the evidence already described in our
legal-sufficiency analysis, and viewing the totality of this evidence in a
neutral light, we cannot conclude that the proof of guilt is so obviously weak
as to undermine confidence in the jury=s determination or that the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.  See Johnson, 23 S.W.3d at 11.  The jury is the exclusive judge of the
credibility of witnesses and of the weight to be given their testimony.  Barnes v. State, 876 S.W.2d 316, 321
(Tex. Crim. App. 1994) (per curiam).  In
this case, the jury could reasonably choose to accept the State=s evidence and disbelieve appellant=s testimony. 

Appellant=s first issue, arguing legal and factual
insufficiency, is accordingly overruled. 

III. Prosecutorial Misconduct

In his second issue, appellant asserts that there
were discrepancies regarding the facts as they were relayed at trial and that Aunconstitutionally reversible error occurred when
the prosecutor committed misconduct by cross-examining appellant whether
Officer Ramirez, Patrick Mulligan, Dolores Perez and Rosendo Nino were lying.@  However,
appellant failed to object to the cross-examination he now asserts was
erroneous.  Texas Rule of Appellate
Procedure 33.1 provides that, in general, as a prerequisite to presenting a
complaint for appellate review, the record must show a timely, specific
objection and a ruling by the trial court. 
AExcept for complaints involving systemic (or
absolute) requirements, or rights that are waivable only...all other
complaints, whether constitutional, statutory, or otherwise, are forfeited by
failure to comply with Rule 33.1(a).@  See
Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).  Due to appellant=s failure to object, he has waived this issue for
appellate review.  Tex. R. App. P. 33.1(a)(1); Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (any complaint about
State=s argument is waived if defendant fails to object at
trial).  

Appellant=s second issue is therefore overruled. 

IV. Ineffective Assistance of Counsel 








In his final issue, appellant asserts he was denied
his Sixth Amendment right to effective assistance of counsel.  Appellant=s
contention is based on his trial counsel=s failure to object to the prosecutor=s continuous misconduct in cross-examining appellant
as to whether State witnesses were lying. 

Ineffective assistance of counsel claims are
examined by the two prong standard set out in Strickland v. Washington,
466 U.S. 668 (1984).  See Hernandez v.
State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  Appellant has the burden to show by a
preponderance of the evidence that (1) trial counsel=s performance was deficient in that it fell below
the prevailing professional norms, and (2) the deficiency prejudiced the
defendant; that is, but for the deficiency, there is a reasonable probability
that the result of the proceeding would have been different.  See Mallett v. State, 65 S.W.3d 59,
62-63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  Our review of counsel=s representation is highly deferential and presumes
counsel=s actions fell within a wide range of reasonable
professional assistance.  See Mallett,
65 S.W.3d at 63.  It is appellant=s burden to prove, by a preponderance of the
evidence, that there is no plausible professional reason for a specific act or
omission.  See Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002). 








A substantial risk of failure accompanies a claim of
ineffective assistance of counsel on direct appeal because the record is
generally underdeveloped and cannot adequately reflect the failings of trial
counsel.  See Thompson, 9 S.W.3d
at 814; McCullough v. State, 116 S.W.3d 86, 92 (Tex. App.BHouston [14th Dist.] 2001, pet. ref=d.). 
Therefore, it is critical that the defendant make the necessary record
in the trial court to rebut the Strickland presumption that counsel=s conduct was strategic.  See Thompson, 9 S.W.3d at 814; McCullough,
116 S.W.3d at 92.  This kind of record is
best developed in a hearing on a motion for new trial, or by application for a
writ of habeas corpus.  See Jackson v.
State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam); McCullough,
116 S.W.3d at 92.  Without evidence of
the strategy and methods involved concerning counsel=s actions at trial, the court will presume sound
trial strategy.  See Thompson, 9
S.W.3d at 814.  

In the instant case, the record does not contain any
evidence of the strategy and methods involved concerning counsel=s actions at trial. 
Thus, we must assume that trial counsel=s
actions fell within the wide range of reasonable professional assistance and/or
sound trial strategy.  See id.  We
therefore overrule appellant=s final issue. 


V. Conclusion

Having overruled all of appellant=s issues, we AFFIRM the judgment of the trial court.


 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed

this
18th day of August, 2005.